## THE QUEEN *vs.* LAU KIN CHEW, KIN PIEU, CHOY TUCK, LEONG MAN HOON, KUNG CHONG and TAM SUNG.

### QUESTION RESERVED.

HEARING, DECEMBER 24, 1891.    DECISION, JANUARY 2, 1892.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The defendants were tried and acquitted, at the last July Term, upon an indictment charging them with the murder of one Lum Yun Kun, on the 15th day of May, 1891, at Kamoiliili, Honolulu, Oahu. The evidence for the prosecution was, that the death of Lum Yun Kun was caused by burns he received during the burning of his house.

These defendants are now charged with arson in the first degree, in that they did at Kamoiliili, Honolulu, Oahu, on the 15th day of May, 1891, in the night time of said day set fire to and burn the dwelling-house of one Lum Yun Kun there situate, the said Lum Yun Kun being then and there an occupant and inmate of said house. The defendants plead their former acquittal in bar of the second indictment. Plea held good, and prisoners discharged.

OPINION OF THE COURT, BY JUDD, C.J.   DOLE, J., DISSENTING.

The defendants were indicted at the last October Term of this Court, for the crime of arson in the first degree in that they did at Kamoiliili, Honolulu, Island of Oahu, on the 15th day of May, A. D. 1891, and in the night time of said day, maliciously, willfully and feloniously set fire to and burn the dwelling-house of one Lum Yun Kun there situate, in which said dwelling-house there was then and there an occupant and inmate, to wit, the said Lum Yun Kun.

To which indictment the defendants made the following

### PLEA.

And the said defendants, Lau Kin Chew, Kin Pieu, Choy Tuck, Leong Man Hoon, Kung Chong and Tam Sung, being

brought to the bar of this Court, and having heard the indictment read and the matters therein contained, say that they ought not to be put to answer the said indictment, they having been heretofore in due manner of law acquitted of the premises in and by the said indictment specified and charged upon them ; and for plea to the said indictment they say that heretofore, to wit, at the July Term of the Supreme Court of the Hawaiian Islands, A. D. 1891, they, the said Lau Kin Chew, Kin Pieu, Choy Tuck, Leong Man Hoon, Kung Chong and Tam Sung were duly arraigned upon a certain indictment which charged them, the said defendants, that at Kamoiliili, Honolulu, Oahu, on the 15th day of May, 1891, they with force and arms, feloniously, willfully and of their malice aforethought, did kill and murder one Lum Yun Kun, contrary to the form of the statute in such case made and provided.

And the said defendants further say that the said murder, so charged upon them in the said last mentioned indictment as aforesaid, included the burning of the house of the said Lum Yun Kun at said time, supposed to have been committed by said defendants.

To which said last mentioned indictment they did then and there severally plead Not Guilty, and thereupon a jury then and there duly summoned, empanelled and sworn to try the said issue so joined, upon their oaths did say that the said Lau Kin Chew, Kin Pieu, Choy Tuck, Leong Man Hoon, Kung Chong and Tam Sung were severally not guilty of the said murder ; whereupon it was then and there considered by the said Court that the said defendants should go thereof acquitted, as appears by the records of the said proceedings now remaining here in Court.

And the said defendants further say that the defendants now here pleading, and the defendants in the aforesaid indictment named and thereof acquitted as aforesaid, are respectively the same identical persons and that the said Lum Yun Kun in the said last mentioned indictment named is the same identical Lum Yun Kun as is named in the indictment to which the said defendants are now here pleading.

Wherefore they pray judgment whether the Crown will or ought to prosecute or charge them on account of the premises in the said indictment to which they are now here pleading contained and specified, and whether they ought to answer thereto, and that they may be dismissed by this Court without day.

————

The plea was verified by the introduction of the record in the former case charging the defendants with murder, and by the evidence given at that trial of Dr. Trousseau, who was called by the prosecution to prove the cause of death of Lum Yun Kun. His evidence is as follows:

"I examined the Chinaman (Lam Yung) on the 15th of May; Mr. Eckardt was in the act of dressing his wounds and burns. I told Mr. Eckardt to proceed with the dressing and make him as comfortable as possible, but I did not think he had more than a few hours to live. He was in a condition from which people generally never rally. He had an open incised wound about the middle of the right leg near the ankle, then he had one finger chopped off and the other fingers injured. He was burned all over and black with smoke, I hardly believe that there was a part of his skin which was not burnt. The burns were the cause of his death—the general burning of the body. The wounds would not cause death, they were not serious. The injuries could hardly have been done by the hook produced in court. I don't think this was the instrument with which the wounding was done. It is not impossible, but it is hardly possible to inflict the injuries with this hook. It would not have cut the bone; the wounds would all have been well in a week. I could not find any wounds which would harm anybody so far as life was concerned."

The identity of the defendants, with those tried for and acquitted of the murder of Lum Yun Kun, was proved, and the only issue is whether the act upon which the indictment for murder was based is the same as that upon which the present indictment for arson is based. The defendants' attorneys rely upon Article 8 of the Constitution, which prescribes that "no person

shall be required to answer again for an offense of which he has been duly acquitted."

The testimony of the physician, and of others who saw the person of Lum Yun Kun soon after the fire, leaves no room for doubt that he came to his death by the burning of his body from the fire which consumed his house. The wounds inflicted upon him by weapons of some character were not sufficient to cause death. Having come to this conclusion, it is not necessary to discuss the various theories by which the wounds and the burning upon the body of Lum Yun Kun might have been produced or how the house was set on fire. We understand that the case sought to be made against these defendants by the Crown was that they killed the deceased by setting fire to the house in which he was, which fire burnt his body so that he died in consequence. The statute of 1876 does away with the necessity of describing in an indictment for murder the means of death. But if the indictment for murder had set out the burning of the house as the cause of death, there would be little room for doubt that the plea of *autrefois acquit* to the indictment for arson in the first degree would be held good. And we can see no difference whether this was set out in the indictment or not. The prosecution would have to rely upon the burning as the cause of death, and not upon the wounds made by weapons. On a trial of these defendants for arson, how could the presence of Lum Yun Kun in the house at the time of its being set on fire be proved except by showing the fact that he was found in a burned condition near the spot just after the fire. No one saw him in the house at the time the house took fire; therefore the arson could not be proved except by introducing evidence which would show that murder was committed. We say then that the plea is good, because "the evidence requisite to support the second indictment must necessarily have supported a conviction in the first." Wharton Crim. Pl. and Pr., Section 456. Where this plea is made in any case, it will have to be considered according to its own facts and circumstances, and it is difficult to lay down any general rule that will apply in every case. And many decisions on this topic are apparently con-

flicting because the facts in the different cases are not the same.

The prosecution urges with emphasis the statute as found in Section 3 of Chapter XLVI. of the Penal Code, "Where the same act constitutes two or more diverse and distinct offenses, different in their nature and character, one not being merged in the other, the offender may be proceeded against for each, and cannot plead a conviction or acquittal for one in bar of proceedings against him for the other." It is our duty to give effect to this statute, if possible, but if it should conflict with Article 8 of the Constitution, the statute must give way. It is easy to suppose a case where the statute would apply, and the constitutional provision not stand in the way. Where a man, by the firing of a gun, kills A and also B, the shooting is one act, but he commits two homicides, and his conviction or acquittal for killing A would not be a good plea to a proceeding against him for killing B. Illustrations might be multiplied. In our case the act charged against the defendants in both indictments was one against the life of a human being. They have been acquitted of the charge of murdering Lum Yun Kun by setting fire to his house. To charge them now with setting fire to Lum Yun Kun's house, he being an inmate thereof, would be to charge them again with substantially the same offense. We therefore hold the plea to be good, and order the prisoners discharged.

## DISSENTING OPINION OF DOLE, J.

The opinion of the Court assumes a premise in this case, which is, I think, erroneous. It says. "the only issue is whether the act upon which the indictment of murder was based is the same as that upon which the present indictment for arson is based." This confuses the word *act* with the word *offense.* The first section of our Penal Code says, "the term *offense,* as used in this Code, means the doing what a penal law forbids to be done, or omitting to do what it commands." The act that kills a man is not necessarily an offense: it is only murder when it is done with malice aforethought and without legal au-

thority or justification ; and it is only arson when it is the willful and malicious burning of another's dwelling house. So, when our laws, as well as the laws of other lands, speak of offenses they are not speaking of naked acts, but of acts with the additional circumstances of intent, personal feeling, etc.

Our Constitution provides, in Article 8, that "no person shall be required to answer for an offense of which he has been duly convicted, or of which he has been duly acquitted." The prisoners, having been acquitted of the offense of murder, are not thereby relieved under this Article of the Constitution from answering to a charge of the offense of arson, even though the evidence relied on in the second case is substantially the same as that which was produced in the first.

It is true, that where an offense is charged comprisiug two or more degrees, the conviction of the prisoner of one degree is a bar to a subsequent prosecution for another degree on the same facts. "Thus where, under an indictment for murder, the defendant could have been convicted of murder or of manslaughter, then his conviction of manslaughter bars a subsequent prosecution for the murder," and *vice versa*. Wharton's Crim. Pl. and Pr., 465. But it cannot be argued that arson in the first degree is a degree of murder.

The following authorities clearly state what appears to me to be the rule which is decisive of this case:

"If the former charge was such an one that the defendant could not have been convicted of the latter charge upon it, the former acquittal or conviction cannot be plead in bar of the latter." 1 Chitty's Crim. Law, 456.

"The acquittal in one indictment, in order to be a good defense to a subsequent indictment, must be an acquittal of the same identical offense charged in the latter indictment." 1 Russell on Cr., 5th ed., 836.

"The authorities cited and the illustrations given in support of the rule, as stated, all show that, to make the plea a bar, proof of the facts alleged in the second indictment must be sufficient in law to have warranted a conviction upon the first indictment of the same *offense* charged in the second, and not of a

different *offense*. Archbold's Crim. Pl., 82, and cases there cited. Or, in other words, the party must have been in peril of being convicted upon the first prosecution of the same *offense* described in the last. Greenleaf states the rule to be, that if the defendant upon the first indictment could not have been convicted of the *offense* described in the second, then an acquittal or conviction upon the former is no bar to the latter. 3 Greenleaf Ev., Sec. 36. And this we hold to be the true rule. If the defendant could not, by any legal possibility, have been convicted upon the former prosecution of the *offense* charged in the second, he can in no just sense be said to be in peril of a second conviction of the *same offense*. To be a bar, the offense charged in the present prosecution must agree in *law* and in *fact* with some offense of which the defendant might have been convicted upon the former prosecution, and in such former prosecution there must have been an acquittal or conviction. *Com. vs. Roby*, 12 Pick., 496. It is not enough that the act is the same, for by the same act the party may commit several offenses in law." *Freeland vs. People*, 16 Ill., 382.

As it cannot be said that arson in the first degree and murder are the same legal offense, by the foregoing authorities the acquittal of one cannot be a bar to the prosecution of the other.

This position is emphatically reinforced by the third section of the 46th Chapter of the Penal Code, as follows: "Where the same act constitutes two or more diverse and distinct offenses, different in their nature and character, one not being merged in the other, the offender may be proceeded against for each, and cannot plead a conviction or acquittal for one in bar of proceedings against him for the other." This has been the law in this country for the last forty years, and in the year 1876 the rule received the following additional legislative sanction : " In any plea of *autrefois convict* or *autrefois acquit*, it shall be sufficient for the defendant to state that he has been lawfully convicted or acquitted (as the case may be) of the said offense charged in the indictment." Laws of 1876, Chapter 40, Section 40.

Upon these grounds and authorities, I am compelled to dissent from the opinion of the Court.

*Attorney-General Whiting,* (*A. S. Hartwell* with him) for prosecution.

*P. Neumann, A. P. Peterson* and *J. M. Davidson,* for defendants.