STATE OF HAWAII *v.* KALANI HIAPO AHUNA, also known as EMANUEL KALANI AHUNA.

No. 4887.

SEPTEMBER 30, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE MENOR IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

On February 11, 1969, defendant was found by a police officer in possession of a Browning automatic pistol, which

was not registered with the chief of police. On the same day, a police detective filed a complaint in the district court of Honolulu charging defendant with violation of HRS § 134-7(b).

HRS § 134-7(b) proscribes the possession of any firearm by a person convicted of a crime of violence. Defendant had previously been convicted of burglary. Burglary is included in the crime of violence as defined in HRS § 134-1.

Violation of HRS § 134-7(b) is a felony. Consequently, on the complaint filed by the police detective, the district court committed defendant to the first circuit court for a jury trial, after holding a preliminary hearing.

On February 12, 1969, despite the fact that a charge of violation of HRS § 134-7(b) was pending, defendant was additionally charged in the district court with violation of HRS § 134-3, based on his possession of the same firearm. HRS § 134-3 proscribes the possession of an unregistered firearm by any person. Its violation is a misdemeanor. On this charge, defendant was convicted on February 20, 1969, and was sentenced to imprisonment for 15 days.

The following proceedings took place in the circuit court on the charge of violation of HRS § 134-7(b): Defendant waived indictment, and consented to prosecution by information. Information was filed on March 28, 1969. Upon the filing of the information, defendant moved to dismiss the same on the ground that he was previously charged and convicted of essentially the same offense. The court denied the motion. Upon trial, defendant was convicted, and was sentenced to imprisonment for 15 years.

The sole question for decision on this appeal is whether the denial by the circuit court of defendant's motion to dismiss the information was proper.

The circuit court based its denial of the motion on HRS § 706-4.[1] Defendant contends that the circuit court erred because HRS § 706-2, rather than HRS § 706-4, is applicable to his case.[2]

The ruling of the circuit court and defendant's contention must be considered in the context of the principle against putting a person in jeopardy more than once for the same offense, a common law principle incorporated in the fifth amendment of the Federal Constitution and in article I, section 8, of the State constitution.

The language used in the Federal Constitution, as well as in the State constitution, in stating the double jeopardy principle poses a troublesome problem regarding the meaning of the words "same offense".[3] The word "offense", as used in HRS § 706-2 and HRS § 706-4, poses the same problem.

Decisions in this jurisdiction, as well as in others, show that one or the other of two tests has generally been followed in resolving the problem, the tests being the "same evidence" test and the "same transaction" test.

The same evidence test looks to statutory definitions of offenses. As good a definition as any of this test is found in *Morgan v. Devine*, 237 U.S. 632, 641 (1915), where it is stated that "the test of identity of offenses is whether the same evidence is required to sustain them; if not, then

[1] HRS § 706-4 reads: "Where the same act constitutes two or more diverse and distinct offenses, different in their nature and character, one not being merged in the other, the offender may be proceeded against for each, and cannot plead a conviction or acquittal for one, in bar of proceedings against him for the other."

[2] HRS § 706-2 reads: "Any person who has been tried and convicted of any offense before a court, tribunal, or magistrate having jurisdiction of the case, shall not be subject to subsequent criminal prosecution therefor, and the conviction may be pleaded in bar of any such subsequent prosecution."

[3] The language used in the Federal Constitution is: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The language of the State constitution is identical, except for the omission of the words "life or limb".

the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." This test is followed in a majority of jurisdictions in this country.

The same transaction test looks to a person's behavior rather than to statutory definitions, and treats the consequences of the same transaction, episode, or conduct as constituting one offense for the purpose of a double jeopardy plea, although such consequences may be in violation of more than one criminal statute. An early statement of this rule appears in *Roberts* v. *State,* 14 Ga. 8 (1853), where the court stated: "The plea of *autre fois acquit or convict* is sufficient, whenever the proof shows *the second case to be the same transaction with the first.*"

HRS. § 706-4 is derived, without change, from the Penal Code of 1869, c. 46, § 3, which was construed in *The Queen* v. *Lau Kin Chew,* 8 Haw. 370 (1892). In that case, the defendants were indicted for arson for setting fire to the dwelling house of one Lum Yun Kun, after they had been acquitted of a charge of murder based on the killing of the same person in the same fire. The defendants entered a plea of former acquittal, and the court held the plea to be good, stating: "They have been acquitted of the charge of murdering Lum Yun Kun by setting fire to his house. To charge them now with setting fire to Lum Yun Kun's house, he being an inmate thereof, would be to charge them again with substantially the same offense."

*The Queen* v. *Lau Kin Chew* obviously followed the same transaction test. Subsequent decisions in this jurisdiction are not consistent. *Territory* v. *Schilling,* 17 Haw. 249 (1906), followed the same evidence test, without mentioning *The Queen* v. *Lau Kin Chew. Territory* v. *Silva,* 27 Haw. 270 (1923), overruled *Territory* v. *Schilling,* and followed the same transaction test. *Territory* v. *Ouye,* 37 Haw. 176 (1945), followed *Territory* v. *Silva. Territory* v.

*Lii,* 39 Haw. 574 (1952), without mentioning any of the prior decisions which followed the same transaction test but referring to *Territory* v. *Schilling,* reverted to the same evidence test.

The prosecution urges upon us to follow *Territory* v. *Lii,* and affirm defendant's conviction for violation of HRS § 134-7(b) under the same evidence test, for that statute requires proof of prior conviction of a crime of violence, which HRS § 134-3 does not. Adherence to the same transaction test is advocated by amicus curiae. Defense counsel has not mentioned either test, as such, his reliance being solely on the language of HRS § 706-2.

We do not think that the answer to the problem of identity of offenses in the context of the double jeopardy principle lies in the selection of any single test as providing the applicable formula. In this connection, the following statement in *Gompers* v. *United States,* 233 U.S. 604, 610 (1914), regarding the bill of rights provisions of the Federal Constitution is pertinent: "But the provisions of the Constitution are not mathematical formulas having their essence in their form; they are organic living institutions transplanted from English soil. Their significance is vital not formal; it is to be gathered not simply by taking the words and a dictionary, but by considering their origin and the line of their growth."

In tracing the origin and the line of growth of the double jeopardy principle, we start with Blackstone's statement that the principle "is founded on the maxim of English common law, that no man is to be brought into jeopardy of his life more than once for the same offense." Blackstone's Commentaries on the Law 896 (Gavit Edition 1941). The line of growth shows that no single test has been satisfactory in all situations, and that a court, which had previously hewed to some particular test, would deviate therefrom and improvise, in a situation where ad-

herence to the test would not achieve the underlying purposes of the principle or unduly prejudice the interests of the state.

We think that a satisfactory approach to the problem is set forth in § 111 of the proposed Hawaii Penal Code 1970. Under the approach, a former prosecution, although it has been for a violation of a different statutory provision, will bar a subsequent prosecution if the subsequent prosecution is for an offense based on the same conduct, unless the offense "requires proof of a fact not required by the former offense and the law defining each of the offenses is intended to prevent a substantially different harm or evil."

Here, both under HRS § 134-3 and HRS § 134-7(b), the harm or evil intended to be prevented is the possession of an unregistered firearm. The only difference between the two statutes is that in the former the actor may be any person and in the latter the actor may be a person convicted of a crime of violence. A criminal statute is directed at a person not for what he is but for what he does, and here defendant was prosecuted and convicted for the second time for precisely the same act for which he was previously prosecuted and convicted. That may not be done without violating the constitutional prohibition against double jeopardy.

Reversed.

*Kazuo Oyama* for defendant-appellant.

*Richard P. Schulze, Jr.,* and *Steven E. Kroll* for American Civil Liberties Union, amicus curiae.

*Michael A. Weight,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney with him on the brief) for plaintiff-appellee.