STATE OF HAWAII, Plaintiff-Appellant, *v.* HIRAM PIA and ARTHUR PIA, Defendants-Appellees.

No. 5394

September 26, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON and KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

Defendants were arrested and charged by separate counts of an information with transgressions of two misdemeanor statutes. Count one charged the violation of HRS § 724-5 (Supp. 1972), which makes it an offense to commit an assault or battery on a police officer in the performance of his duties with the intent to obstruct that officer in the discharge of those duties.[1] Count two charged the violation of HRS § 740-11, which proscribes, *inter alia,* willful interference with a police officer while such officer is lawfully executing his duties.[2] Both counts of the information were framed in terms which for the most part recited the bare language of the aforementioned statutes. The only specific factual allegations were the names of the defendants, the date upon which the offenses were committed, and the name of the police officer assertedly interfered with and assaulted. All of these facts were the same in both counts. Subsequently, however, the prosecution was allowed without objection to amend the second count to specify that the official duties of the officer interfered with by the defendants were "breaking up a fight and making arrests."

At trial, but prior to impanelment of the jury, the defendants offered, and the trial court accepted, pleas of

---

[1]HRS § 724-5 (Supp. 1972) provides:

*Intermediate offenses.* Whoever under circumstances not amounting to a crime specified in sections 724-3, 724-4, and 724-6 commits an assault or a battery

    (1) Upon any public officer while in the performance of his public duties, with intent to resist, prevent, hinder, or obstruct such officer in the discharge or execution of any of his public duties or

    (2) By any means intended or likely to humiliate, degrade, or sicken another, shall, unless a greater penalty is otherwise provided by law, be fined not more than $1,000 or imprisoned not more than one year, or both.

[2]HRS § 740-11 provides:

*Interference with police officer while making arrest; penalty.* Any person who wilfully interferes or attempts to interfere with any sheriff, deputy sheriff, or police officer, while such officer is making a legal arrest, or who interferes or attempts to interfere with any such officer in the legal performance of any other official duty, shall be fined not more than $500 or imprisoned not more than one year.

guilty to the second count charging the interference violation. Thereafter, defendants moved to dismiss the first count charging assault and battery on the ground that their guilty pleas and convictions on the second count constituted a bar to their prosecution for the first count under the principle of double jeopardy.[3]

At this point the prosecution offered to prove that the information alleged two separate and distinct acts by the defendants, albeit closely connected in sequence of time,[4] and that therefore a conviction on one count could not raise the prohibition against double jeopardy with respect to the other count. The trial court, however, looking only to the information on its face, ruled that both counts alleged the same factual "transaction" and that as such count two (the § 740-11 charge) was a "lesser included offense" of count one (the § 724-5 charge). As a consequence of this analysis, the trial court ruled, the defendants could not be convicted of count one after their conviction of count two without violating the prohibition against double jeopardy. The trial court thereupon dismissed count one of the information, from which ruling the State now appeals to this court under HRS § 641-12 (Supp. 1972).[5]

The essence of the State's argument in this case is that the defendants were charged with the commission of two acts,

---

[3]The Federal Constitution provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The mandate of this clause has been extended to the states through the due process clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784 (1969). The Hawaii Constitution affords nearly identical protection. Hawaii Const. art. I, § 8.

[4]The offer of proof was as follows:

And I would prove, if allowed to try this case, that there had been an interference in the course of breaking up a fight; and when the officer found that the boys weren't going to respond to his ministrations to break it up, and had resisted him by getting in between him and preventing the arrest of Hiram Pia, that he went back to his vehicle, grabbed his microphone to make a call to the police station to summon help, and that a number of seconds, five or more, had elapsed between the two events. He went back from his car. He saw these boys advancing on him again. He had to defend himself from their punches and swinging and pushing him to the ground and a kick in the face, which broke his jawbone near the eye.

[5]HRS § 641-12 (Supp. 1972) provides in pertinent part:

By State in criminal cases. An appeal may be taken by and on behalf of the

each constituting a criminal offense in itself, separate not only statutorily but also spatially and temporally. Count two of the information, the State urges, relates to the defendants' response to an attempt by Officer Morris to subdue an affray on the roadside and arrest defendant Hiram Pia. By contrast, count one relates to the defendants' conduct a few seconds later when Officer Morris attempted to call for assistance on the opposite side of the road. Although these two acts were part of the same general "transaction" and hence were properly joined under HRS § 711-22, the State suggests, their essentially separate characters indicate that the defendants' conviction with respect to one has no bearing on the continued validity of the charge with respect to the other.

The defendants, on the other hand, argue that because the two counts of the information were ambiguous on their face on the question of whether one act or two acts were to be relied upon by the prosecution, the trial court properly concluded that only one act was involved. Moreover, the defendants advance the broader proposition that double jeopardy forbids conviction for more than one statutory offense for conduct arising out of one criminal "transaction." We reject both contentions and hold that the State should have been afforded the opportunity to demonstrate that the first count of the information related to a factual incident separate from that upon which the defendants pleaded guilty in the second count.

Contrary to the defendants' assertion, the question of whether HRS § 740-11 (interference with a police officer) is a lesser included offense of HRS § 724-5 (Supp. 1972) (assault or battery on a police officer) is not at issue here. To be sure, if the State were attempting to rely on the same *physical act* as constituting two separate statutory offenses, the question of

---

State from the district or circuit courts direct to the supreme court in all criminal cases, in the following instances:

    (1) From an order or judgment quashing, setting aside, or sustaining a motion to dismiss, any indictment or information or any count thereof;

    (2) From an order or judgment, sustaining a special plea in bar, or dismissing the case where the defendant has not been put in jeopardy;

    . . . .

whether a § 724-5 offense could be committed without also necessarily committing a § 740-11 offense would be relevant. This would follow from the proposition that a conviction for a lesser offense bars any subsequent prosecution or concurrent punishment for either that offense again or a greater offense of which it is a part. HRS § 706-1-4, now replaced by Hawaii Penal Code §§ 109-11. The rationale for this rule was succinctly stated in *People v. Greer*, 30 Cal. 2d 589, 597, 184 P.2d 512, 517 (1947), *quoting People v. Krupa*, 64 Cal. App. 2d 592, 598, 149 P.2d 416, 420 (1944):

> A conviction of the lesser is held to be a bar to prosecution for the greater on the theory that to convict of the greater would be to convict twice of the lesser.

Such form of double punishment transgresses the fundamental policy behind the prohibition against double jeopardy, which is that "no man is to be brought into jeopardy of his life more than once for the same offense." *State v. Ahuna.* 52 Haw. 321, 474 P.2d 704, 707 (1970), *quoting* BLACKSTONE'S COMMENTARIES ON THE LAW 896 (Gavit Edition 1941). *See generally Territory v. Ouye*, 37 Haw. 176 (1945); *Territory v. Silva*, 27 Haw. 270 (1923); *Territory v. Schilling*, 17 Haw. 249, 269 (1906) (Frear, C.J., dissenting).

When there is a subsequent prosecution at a separate trial for the same conduct under a different statutory provision, the test for determining whether a conviction or acquittal in a former prosecution constitutes a bar is as stated by this court in *State v. Ahuna, supra,* 52 Haw. 326, 474 P.2d at 707:

> [A] former prosecution, although it has been a violation of a different statutory provision, will bar a subsequent prosecution if the subsequent prosecution is for an offense based on the same conduct unless the offense "requires proof of a fact not required by the former offense and the law defining each of the offenses is intended to prevent a substantially different harm or evil." [Section 111 of the now Hawaii Penal Code].

The federal constitutional standard is less rigorous. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("the test to be applied to determine whether there are two offenses

or only one, is whether each provision requires proof of a fact which the other does not").

Similarly, when a defendant is prosecuted in one trial for a single act under separate statutory provisions, section 109 of the Hawaii Penal Code which became effective January 1, 1973 prohibits conviction for more than one offense if "[o]ne offense is included in the other, [*i.e.*, if i]t is established by proof of the same or less than all the facts required to establish the commission of the [other] offense." *See Blockburger v. United States, supra; Ebeling v. Morgan,* 237 U.S. 625 (1915). *Compare State v. Ahuna, supra.* As indicated, this analysis would be relevant if the State were attempting to rely on one act by the defendants to establish both statutory offenses in the information. Where, however, two different criminal acts are at issue, supported by different factual evidence even though separated in time by only a few seconds, one offense by definition cannot be "included" in the other. The defendants can properly be punished for both, under different, *or the same,* statutory provisions. *Ebeling v. Morgan, supra* at 628 (defendant properly convicted on several counts of an indictment, each charging the slashing with intent to steal the contents of separate mail bags, notwithstanding the fact that all the slashings were part of the "same transaction"); *Smith v. Cox,* 435 F.2d 453, 457 (4th Cir. 1970), *vacated and remanded on other grounds,* 404 U.S. 53 (1971) (petitioner convicted of larceny and robbery arising out of the same general "transaction" but relating to different specific criminal acts; assuming larceny to be in theory a lesser included offense of robbery, conviction for both charges nonetheless proper because "each of these was a separate act on petitioner's part . . . despite the fact that the acts were committed proximately in time").

It follows from the foregoing analysis that where a defendant in the context of one criminal scheme or transaction commits several acts independently violative of one or more statutes, he may be punished for all of them if charges are properly consolidated by the State in one trial.

Indeed, joinder of offenses is now mandatory in such circumstances under Hawaii Penal Code § 109(2),[6] a provision which seeks to insulate individuals from the harassment of multiple trials for the same general criminal episode under technically different statutory provisions. *Cf. State v. Ahuna, supra.*

By joining the interference charge with the assault and battery charge in this case, the State sought to comply with this laudable objective. The trial court committed error in denying the State the opportunity to demonstrate that the first count of its information rested on evidence factually distinct and separate from the evidence supportive of the second count, to which defendants pleaded guilty.[7]

Finally, the defendants raise the argument that it would be unjust to require them to undergo prosecution on count one of the information at this late date. They point out that over six months of their suspended sentence on count two have already been served, and that had they been tried and convicted of both counts originally the sentences on *both* might be over half served.[8] As it stands now, defendants argue, they may be subjected to a total punishment exceeding the one year term specified in both HRS § 740-11 and § 724-5.

We fail to perceive the injustice in such a result, should

---

[6]Hawaii Penal Code § 109(2) provides:

Except as provided in subsection (3) of this section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.

[7]We find no merit in the defendants' argument that since the two counts of the information *appear* to relate to a single act, therefore they must be so read. Although the State might have been more precise in framing its charges, the prosecutor's offer of proof, n. 4, *supra*, should have dispelled any doubt in this regard. Nor were defendants left without resources to ascertain before trial the factual bases of the prosecution's charges, in view of the availability to them of a motion for a Bill of Particulars under HRS § 711-47 and HRCrP 7(f).

[8]Since the defendants were sentenced prior to January 1, 1973, the effective date of the Hawaii Penal Code, they could not have relied on section 668 of that Code in obtaining concurrent sentences had they been convicted of both counts at that time. Although the trial court may have imposed concurrent sentences, there was no statutory or constitutional compulsion for it to have done so. *See* Gore *v.* United States, 357 U.S. 386 (1958).

defendants be found guilty of count one after trial below following remand. It was, after all, a motion by the *defendants* that precipitated dismissal of count one and hence the possibility of overlapping sentences should the trial court's ruling be reversed. As indicated, if the prosecution's offer of proof is accepted, separate acts constituting two different offenses were charged. Defendants' partial punishment for one of these acts does not relieve them of the responsibility of answering for the other act. Indeed, any term of punishment for count one imposed by the court below may be required to be concurrent with the remainder of defendants' term for count two. *See* Hawaii Penal Code § 668.[9] Moreover, HRS § 641-12 (Supp. 1972), in authorizing appeals by the State from "an order . . . sustaining a motion to dismiss any . . . information *or any count thereof*," or from "an order . . . sustaining a special plea in bar . . . where the defendant has not been put in jeopardy," (emphasis added), contemplates the possibility of a bifurcated trial and a consequent two-stage sentencing procedure which may result in terms which do not necessarily run concurrently. Certainly where two separate crimes are involved, such a procedure does not infringe the constitutional protection against double jeopardy. *See Gore v. United States,* 357 U.S. 386 (1958).

Reversed and remanded for proceedings not inconsistent with this opinion.

*William R. Hoge, Jr.,* Third Deputy County Attorney (*Morris S. Shinsato,* County Attorney, and *Arthur E. Ross,* Second County Attorney, County of Kauai, on the briefs) for plaintiff-appellant.

*William J. Jenner II,* Deputy Public Defender (*Donald Tsukiyama,* Public Defender, and *Edgar R. Worth,* Deputy Public Defender, on the brief) for defendants-appellees.

---

[9] A conviction of the defendants on count one of the information at this point in time may be subject to the provisions of the Hawaii Penal Code, notwithstanding the fact that the offense occurred prior to its effective date. *See* Hawaii Penal Code § 101. Under section 668 of the Code, "when a person who is subject to any undischarged term of imprisonment is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall be served concurrently."