STATE OF HAWAII, Plaintiff-Appellee, *v.* LINDA H. CRENSHAW, Defendant-Appellant

NO. 5791

STATE OF HAWAII, Plaintiff-Appellee, *v.* JO ELLEN STEINLAUF, Defendant-Appellant

NO. 5792

MAY 18, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.*

*Per Curiam.* The appellants were convicted under the provisions of HRS § 712-1217 which provides:

"A person commits the offense of open lewdness if in a public place he does any lewd act which is likely to be observed by others who would be affronted or alarmed."

Both appellants were arrested while sunbathing on Diamond Head Beach. They were then wearing only bikini bottoms. There is, however, nothing in the record nor in the circumstances to indicate that they were engaged in any form

---

*Justices Kobayashi and Kidwell, who heard oral argument in this case, retired from the court on December 29, 1978 and February 28, 1979, respectively. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

of exhibitionism at the time. That particular section of the beach was relatively secluded, and the scantiest of beach attire appears to be the norm rather than the exception in such areas.

The issue is whether their conduct constituted a "lewd act" within the meaning of the statute. In *State v. Bull, et al.*, No. 5950, decided this day, we held that the exposure of one's private parts to public view constituted a "lewd act" within the meaning of the statute. Female breasts, however, are not genitalia or "private parts," *State v. Jones*, 7 N.C.App. 166, 171 S.E.2d 468 (1970), and therefore the exposure of the female breast, under the circumstances of this case, cannot be said to be a "lewd act" within the proscription of HRS § 712-1217. Whether such exposure per se ought to be proscribed must necessarily be addressed to the wisdom of the legislature. Such conduct might have constituted the offense of indecent exposure as defined by the former common nuisance statute [then HRS § 727-1]; however, the statute has been repealed and replaced by other Hawaii Penal Code provisions. *State v. Bull, supra*.

Reversed.

*James T. Countiss*, Deputy Public Defender for Defendants-Appellants.

*Roy Chang*, Deputy Prosecuting Attorney for Plaintiff-Appellee.