**STATE OF HAWAII**, Plaintiff–Appellee, v. **DONALD SANTIAGO**, Defendant–Appellant

NO. 14436

(POL. RPT. NOS. 89063025 and 89069086)

JULY 9, 1991

BURNS, C.J., AND HEEN, J.*

_____

*Associate Judge Tanaka, who heard oral argument in this case, retired on June 24, 1991. The parties have agreed that the case may be decided by the remaining members of the court without the assignment of a circuit judge to fill the vacancy created by the retirement.

536

**Per Curiam.**   Defendant Donald Santiago (Defendant) appeals his district court convictions of Sexual Assault in the Fifth Degree, Hawaii Revised Statutes (HRS) § 707–734(1) (1990 Supp.),[1] and Open Lewdness, HRS § 712–1217(1) (1985).[2] Defendant contends that (1) the offense of Open Lewdness cannot

---

[1] Hawaii Revised Statutes (HRS) § 707–734(1) (1990 Supp.) provides:

> A person commits the offense of sexual assault in the fifth degree if, [sic] the person intentionally exposes the person's genitals to a person to whom the person is not married under circumstances in which the person's conduct is likely to cause affront or alarm.

Sexual assault in the fifth degree is a petty misdemeanor.

[2] HRS § 712–1217(1) (1985) provides:

be based upon evidence which establishes a sexual offense under HRS § 707–734(1); and (2) the double jeopardy provisions of the United States and Hawaii Constitutions bar his double convictions of the sexual assault and lewdness charges. We disagree and affirm.

## I. FACTS

The evidence from the bench trial disclosed that, just after the school day had ended, Defendant parked his car in front of a neighborhood store located across from Likelike Elementary School. Five school girls left the school campus, crossed the street, and entered the store. One of the school girls who was twelve years of age testified that, after coming out of the store and while standing on the sidewalk, she observed through the open passenger window of the car Defendant sitting in the driver's seat. She noticed that Defendant wore shorts, had an artificial leg, and was "scratching by his thigh." Trial Transcript at 9. She testified that she felt "scared[.]" *Id.* at 21.

Another school girl, who was also twelve, testified that she observed Defendant pull down the zipper of his shorts, take out "[h]is penis[,]" and then "[k]ind of like rubbing [it] or something." *Id.* at 26. She stated that she felt "[a]fraid." *Id.* at 27.

Defendant testified that he had lost his left leg at the groin and thus wore an artificial leg. The prosthesis caused a rash on the stump of his leg. At the time in question, with his legs apart, Defendant was scratching his leg stump. He denied exposing his penis while seated in the car.

---

A person commits the offense of open lewdness if in a public place he does any lewd act which is likely to be observed by others who would be affronted or alarmed.

Open lewdness is a petty misdemeanor.

The district court found Defendant guilty of both Sexual Assault in the Fifth Degree and Open Lewdness. This appeal followed.

## II. STATUTORY BAR

Although HRS § 712–1217 does not define the term "lewd act," the supreme court has held that "the intentional exposure of one's private parts, where they are likely to be observed by others, is a 'lewd act' within the meaning of the statute."[3] *State v. Bull*, 61 Haw. 62, 66, 597 P.2d 10, 13 (1979). Defendant's alleged conduct of pulling his penis out from his unzippered shorts and exposing it constitutes an element of both the Sexual Assault in the Fifth Degree and Open Lewdness offenses charged by the prosecution.

Where the same conduct of a defendant establishes an element of more than one offense, HRS § 701–109(1) (1985)[4] permits his prosecution "for each offense of which such conduct is an

---

[3] Female breasts are not "private parts" or genitalia. *State v. Crenshaw*, 61 Haw. 68, 597 P.2d 13 (1979).

[4] HRS § 701–109 (1985) provides in part as follows:

**Method of prosecution when conduct establishes an element of more than one offense.** (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

    (a) One offense is included in the other, as defined in subsection (4) of this section; or

    (b) One offense consists only of a conspiracy or solicitation to commit the other; or

    (c) Inconsistent findings of fact are required to establish the commission of the offenses; or

    (d) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

element." However, the statute precludes the defendant's conviction of more than one offense under certain circumstances as set forth in the subsection. At oral argument, Defendant conceded that "none of the subsections of 701–109 really fit here."

The commentary to HRS § 712–1217 states:

> This section penalizes open lewdness which does not amount to a sexual offense under Chapter 707 of this Code, but which "amounts to gross flouting of community standards in respect to sexuality or nudity in public."[1]

(Footnote to the quoted material refers to Model Penal Code, Tent. Draft No. 13, comments at 82 (1961)). Using this commentary, Defendant argues that "where the intentional exposure of one's private parts to public view constitutes a sexual offense under the Penal Code, the Code provides that such conduct is not punishable as open lewdness[.]" Opening Brief at 13. We disagree.

The commentary neither explicitly nor implicitly precludes punishment under HRS § 712–1217 where a Chapter 707 sexual

---

(e) . The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

\* \* \*

(4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

offense may also constitute Open Lewdness. In our view, the commentary simply attempts to define the offense of Open Lewdness, an offense against public morals, by contrasting it with sexual offenses under HRS Chapter 707, which are offenses "against the person."

Accordingly, there is no statutory bar precluding convictions under both HRS § 707–734(1) and HRS § 712–1217(1) in this case.

## III. DOUBLE JEOPARDY

The Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" The due process clause of the Fourteenth Amendment makes the double jeopardy prohibition applicable to the States. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 2062, 23 L. Ed. 2d 707, 716 (1969). Article I, section 10 of the Hawaii Constitution also provides that no person shall "be subject for the same offense to be twice put in jeopardy[.]" Defendant contends that his double conviction has subjected him to double jeopardy. We disagree.

The Supreme Court has stated that the federal guarantee against double jeopardy consists of the following:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656, 664–65 (1969) (footnotes omitted). Here, the last protection, that Defendant is being punished twice for the same offense, is implicated in this appeal.

In determining whether Sexual Assault in the Fifth Degree and Open Lewdness constitute a same offense in the federal double jeopardy context, we apply the *Blockburger* rule which provides:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309 (1932). Comparing HRS § 707–734(1) and HRS § 712–1217(1), it is clearly evident that the former requires proof of a fact which the latter does not, and vice versa. For example, under HRS § 707–734(1), proof of intentional exposure of the genitals to a person to whom the defendant is not married is required, which HRS § 712–1217(1) does not require. Under HRS § 712–1217(1), proof that the lewd act (intentional exposure of defendant's private parts in this case) occurred in "a public place" is required, which HRS § 707–734(1) does not require. Thus, applying the *Blockburger* rule, Sexual Assault in the Fifth Degree and Open Lewdness are not the same offense, but two separate offenses under the federal double jeopardy analysis.

The Hawaii double jeopardy constitutional standard is more "rigorous" than the *Blockburger* rule. *State v. Pia*, 55 Haw. 14, 18, 514 P.2d 580, 584 (1973); *see also State v. Mendonca*, 68 Haw. 280, 285 n.2, 711 P.2d 731, 735 n.2 (1985). The Hawaii rule adopts the *Blockburger* rule and adds thereto a requirement that "'the law defining each of the offenses is intended to prevent a substantially different harm or evil.'" *Pia*, 55 Haw. at 18, 514 P.2d at 584 (quoting *State v. Ahuna*, 52 Haw. 321, 326, 474 P.2d 704, 707 (1970)). HRS § 707–734(1) is intended to prevent a sexual offense directed at another person by a person who is not his or her spouse, while HRS § 712–1217(1) is intended to prevent violations of community standards dealing with public morals. *See State v.*

*Sayre*, 395 S.E.2d 799, 803 (W. Va. 1990) (The offenses of sexual assault in the second degree (rape) and sexual assault in the third degree (sexual intercourse with a person below sixteen years of age and at least four years younger than the defendant) are intended to deter different harms: the former to deter forcible rapes, and the latter to deter persons from taking "sexual advantage of children at least four years younger than them.").

Accordingly, under both the *Blockburger* rule and Hawaii rule, Sexual Assault in the Fifth Degree and Open Lewdness do not constitute a same offense. Defendant's convictions for both of those offenses, therefore, did not violate the guarantee against double jeopardy under either the United States or the Hawaii Constitutions.

## IV. CONCLUSION

We conclude that Defendant's bench trial convictions for both Sexual Assault in the Fifth Degree and Open Lewdness were not precluded statutorily or constitutionally.

Affirmed.

*Peter Van Name Esser (Alvin T. Sasaki* on the brief) for defendant–appellant.

*James H. S. Choi*, Deputy Prosecuting Attorney, for plaintiff–appellee.