**Mathew David MAKINEN,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 86–142.**

Supreme Court of Wyoming.

May 20, 1987.

Wyoming Public Defender Program, Leonard D. Munker, Public Defender, Julie D. Naylor, Appellate Counsel, Williams Combs, Student Intern, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., David K. Gruver, Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

Appellant Mathew Makinen was charged, tried and convicted of incest with his stepdaughter, age 13, in violation of § 6–4–402(a)(ii), W.S.1977 (Cum.Supp.1986).[1] He was sentenced to a term of fifteen to sixty months in the state penitentiary.

Appellant raises the following issues on appeal:

"I

"Whether the decision to allow uncharged misconduct testimony was improperly based on the Rule 404(b) 'opportunity' exception to hearsay.

"II

"Whether the decision to admit the tape recorded interview with prosecutrix was improperly based on its 'investigatory' and 'corroborative' nature."

We will affirm.

The victim is the step-daughter of appellant. After the victim related stories of sexual abuse to two of her friends, they convinced her to speak to the school counselor. This resulted in an interview between the victim and a worker with the Department of Public Assistance and Social Services (D–PASS). Also present at the interview were the school counselor, another D–PASS worker, a police officer and the school nurse. During the interview, which was tape-recorded, the victim related how she had been sexually assaulted by appellant. The first sexual assault occurred in May, 1985, and the most recent assault occurred on September 29, 1985, the day before the victim's thirteenth birthday.

At trial the victim testified that on September 29, 1985, between 8:00 and 9:00 a.m., she was awakened in her bed by appellant, who forced her to disrobe and then sexually assaulted her.

Appellant was subsequently arrested and charged with incest. Trial to a jury resulted in appellant's conviction.

I

In appellant's first issue, he asks whether the trial court's decision to allow uncharged misconduct testimony was improperly based on the Rule 404(b) "opportunity exception to hearsay." Rule 404(b), Wyoming Rules of Evidence provides:

"(b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Appellant contends that evidence of prior bad acts was improperly admitted to show opportunity. Before the trial, defense counsel filed a motion in limine to exclude past acts of incest by appellant. The trial court ruled that the state could not bring in evidence of prior bad acts in its case-in-chief to show opportunity, but that such acts might come into evidence if the prosecution's witnesses were impeached on cross examination.

In defense counsel's opening statement, he stated that the evidence would show that appellant did not have the opportunity to commit the alleged crime. At a bench

---

1. "(a) A person is guilty of incest if he knowingly commits sexual intrusion, as defined by W.S. 6–2–301(a)(vii), or sexual contact, as defined by W.S. 6–2–301(a)(vi), with an ancestor or descendant or a brother or sister of the whole or half blood. The relationships referred to herein include relationships of:

\* \* \* \* \* \*

"(ii) Blood relationships without regard to legitimacy \* \* \*"

conference thereafter the trial court told defense counsel that if he was going to refer to appellant's lack of opportunity, then that would considerably alter the court's previous ruling regarding prior bad acts showing opportunity.

In his brief, appellant states that there were two references made to prior bad acts during the victim's testimony. The first occurred when the prosecutor asked the victim: "Okay, when was that day, * * * when your dad had last taken you to bed?" The second reference occurred when the victim testified that appellant told her "the first time" that "it was like riding a horse." Defense counsel did not object to these references. On cross-examination defense counsel probed further into "the first time," as well as other prior bad acts.

■ When evidence of prior bad acts is determined to be admissible pursuant to Rule 404(b), W.R.E., the trial court must further determine if the evidence should be excluded under Rule 403, W.R.E., which provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

See, e.g., *Evans v. State*, Wyo., 655 P.2d 1214 (1982). The trial court recognized this when ruling on the motion in limine when he stated:

> "The material extraneous to that of the charge, of course, relating to any prior acts of misconduct can, for some reason, be brought into evidence in these cases. And that has to be weighed against the prejudicial effect of that evidence as against its probative value."

In *Elliott v. State*, Wyo., 600 P.2d 1044 (1979), defendant was charged with sexually assaulting a step-daughter. At issue there was alleged error in admitting evidence of defendant's similar sexual assault on the victim's older sister. We stated that while Wyoming recognizes the general rule that evidence of other crimes or wrongdoing normally is not admissible in a criminal trial, that in the context of sexual offenses, other similar acts may be admitted if the victim of the charged offense is involved. We then held that the evidence of defendant's similar acts with the victim's older sister was properly admitted.

> "We note that in cases involving sexual assaults, such as incest, and statutory rape with family members as the victims, the courts in recent years have almost uniformly admitted such testimony. * * [Citations.] The description of the events by the victim's sister here, together with the testimony of the victim, persuades us that the conduct described was sufficiently similar to pass the test of relevancy under Rule 404(b), W.R.E., and was admissible for the purpose of proving the motive of the appellant." *Id.*, at 1048.

■ The list of exceptions noted in Rule 404(b) under which evidence of other crimes may be relevant and admissible is not exhaustive, but rather illustrative. *United States v. Beechum*, 582 F.2d 898, n. 15 (5th Cir.1978); and *Hopkinson v. State*, Wyo., 632 P.2d 79, 127 (1981), cert. denied 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982). Evidence of other criminal activity may be admissible if it forms part of the history of the event or serves to enhance the logical development of the facts. This has been called the "course of conduct" exception. *Crozier v. State*, Wyo., 723 P.2d 42 (1986).

■ With these principles in mind, we are unable to find, nor has appellant demonstrated, that the admission of evidence regarding appellant's prior bad acts was error under Rules 403 and 404(b), W.R.E. It may also be posited that appellant effectively waived this contention by first failing to timely object, and then by "opening the door" through defense counsel's statements regarding lack of opportunity in opening argument as well as his cross-examination of the victim regarding prior bad acts. See, e.g., *Sanville v. State*, Wyo., 593 P.2d 1340 (1979); *Mullin v. State*, Wyo., 505 P.2d 305 (1973), cert. denied 414 U.S. 940, 94 S.Ct. 245, 38 L.Ed.2d 166

(1973), citing *State v. Wilson,* 32 Wyo. 37, 228 P. 803 (1924).

The crime of incest rarely consists of one isolated incident; rather, it is ongoing and consists of a series of misconduct varying in severity. Therefore, the necessity for the admission of prior bad acts which involve the victim becomes even more compelling. There was no error in admitting evidence of appellant's prior bad acts.

## II

In his second issue, appellant claims it was prejudicial error to admit the tape recording of the October 15, 1985, interview between the victim and the D–PASS worker, Carl Shaskey-Setright. Mr. Shaskey-Setright testified at the trial regarding the interview. After asking Mr. Shaskey-Setright if he had listened to the tape recording of the interview and whether it was an accurate recording of the interview, the witness responded affirmatively. The prosecution moved for its admission as well as the transcript of the tape recording. Defense counsel objected to the admission of the tape. The trial court admitted the tape. Whereupon the tape was played for the jury with copies of the transcript given to each juror to follow along.

Appellant claims the tape was inadmissible hearsay under Rule 801(c), W.R.E., which reads:

"(c) *Hearsay.*—'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

However, a prior consistent statement may be admitted into evidence under the conditions set forth in Rule 801(d)(1) and is not considered hearsay.

"(d) *Statements which are not hearsay.*—A statement is not hearsay if:

"(1) Prior Statement by Witness.—The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, and, if offered in a criminal proceeding, was given under oath subject to the penalty of perjury at a trial,

hearing, or other proceeding, or in a deposition, or (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving him * * * ."

■ As the rule states, a prior consistent statement may be introduced to rehabilitate the testimony of a witness that has been impeached with the charges of recent fabrication, or improper influence or motive. See generally, 4 Louisell & Mueller, Federal Evidence § 420, p. 186 (1980).

■ In this case, appellee correctly points out in its brief that there were charges made of improper motive. One of defense counsel's theories of the case was that the victim made a "childhood brag" which was a "fantasy" that later "turned into a monster." In support of such theory, defense counsel thoroughly cross-examined the victim attempting to show her confusion over particular dates of the alleged incident, the number of assaults and whether such could have occurred within the time frame alleged, etc. Furthermore, testimony was elicited regarding the postponement of the victim's birthday party and whether she contrived the incident because of her anger with her father. The victim's diary was also admitted into evidence wherein she wrote that she hated her step-father (the appellant). Therefore, we are unable to find that the introduction of the tape recording constituted prejudicial error. See McGrath & Clemens, *The Child Victim as a Witness in Sexual Abuse Cases,* 46 Mont.L.Rev. 229 (1985).

Appellant further contends that it was error to introduce the tape recording of the interview since such "was not made before any asserted motive to fabricate arose." Appellant argues that to be admissible, a prior consistent statement must have been made before the bias or motive to fabricate originated. And in this case, appellant contends that the victim was already upset over her postponed birthday party (September 30, 1985), and that she had already

written in her diary that she hated her father (summer of 1985) before the interview took place (October 15, 1985).

We already have recognized that there was no error in admitting the tape recording into evidence as a prior consistent statement, so we need not address this issue at length. We are aware that there is authority in support of appellant's contention. However, we are inclined to follow the line of authority which allows a prior consistent statement to be admitted because of the inherent difficulty in determining when an improper motive or influence appears. Furthermore, we think it is within the province of the trier of fact to determine whether the prior consistent statement is credible or whether it is tainted by an improper motive or influence.

"There is, however, another line of authorities which finds that neither under the Rule nor under traditional federal law will the existence of a motive to fabricate at the time the prior consistent statement was made render the prior consistent statement inadmissible for the purpose of rehabilitating or supporting the at-trial testimony of a witness whose testimony has been subjected to possible impeachment. *United States v. Parry,* 649 F.2d 292, 296 (5th Cir.1981); *United States v. Scholle,* 553 F.2d 1109, 1121–22 (8th Cir.1977), cert. denied, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300; *United States v. Rios,* 611 F.2d 1335, 1349 (10th Cir.1979), cert. denied, 452 U.S. 918, 101 S.Ct. 3054, 69 L.Ed.2d 422 (1981). * * *

" * * *

"We find this second line of authorities more persuasive. * * *

" * * *

" * * * [T]he failure to admit the rehabilitating testimony because of possible motive to fabricate, would be counter to the 'great principle of completeness, now enacted in Rule 106' (Fed.R. of Evid.), 609 F.2d at 70. We find this reasoning of Judge Friendly convincing, and we accept it as the proper application both of the Rule in circumstances such as here and of the recognized rule in the federal courts. In so doing we are in effect following Weinstein on Evidence, which accepted the reasoning of Judge Friendly as do we, saying that '[s]ince the Rules were designed to expand not contract admissibility, Judge Friendly's approach in Rubin seems a more sensitive and useful reading' of the Rule, Weinstein, Vol. 3, 607–96 (1982 rev)." *United States v. Parodi,* 703 F.2d 768, 785, 787 (4th Cir.1983)

Accord, *United States v. Hamilton,* 689 F.2d 1262 (6th Cir.1982); and *United States v. Parry,* 649 F.2d 292 (5th Cir. 1981). We note that this view has also been followed in the Tenth Circuit, *United States v. Rios,* 611 F.2d 1335 (10th Cir. 1979).

■ Rule 801(d)(1)(B), W.R.E., has two express conditions for the admissibility of prior consistent statements: 1) The prior statement must be "consistent with his testimony"; and 2) there must be an "express or implied charge * * * of recent fabrication or improper influence or motive." There is no express condition in the rule which states that the prior consistent statement must be made before the alleged improper motive to fabricate arose. In the absence of an express prohibition, we think the trial court should have the discretion to determine whether a prior consistent statement should be admitted whether or not it was made before an improper motive to fabricate arose. We recognize that there is an inherent difficulty in determining when an improper motive may have arisen and that in any event such determination should be left to the trier of fact. United States v. Parodi, supra. If the drafters of the rule wished to include such a limitation, they could have done so. Therefore, we are reluctant to read further requirements into the rule which are not there.

The judgment and sentence is affirmed.

CARDINE, J., filed a specially concurring opinion.

URBIGKIT, J., filed a specially concurring opinion, in which MACY, J., joined.

CARDINE, Justice, specially concurring.

I concur in this opinion, continuing to adhere to that stated in my specially con-

**350**

curring opinion in *Brown v. State*, Wyo., 736 P.2d 1110 (1987).

URBIGKIT, Justice, specially concurring, with whom MACY, Justice, joins.

I concur in the result reached by the majority, but write to express my concern that the majority too broadly construe the Rule 404(b), W.R.E. exception to the general proscription against other bad acts. The challenged prior bad-acts evidence in this case consists of two references to the defendant's prior sexual misconduct *with the victim*. Because I agree with the court that the crime of incest is usually an ongoing affair, I think that prior evidence of sexual misconduct with the victim lies within the context of the charged crime.

I do not think this case rests on the admissibility of the testimony of *other* victims, as is suggested by the majority's reliance on *Elliott v. State*, Wyo., 600 P.2d 1044 (1979). I would prefer instead to rely solely on the majority's reasoning that

> " * * * [t]he crime of incest rarely consists of one isolated incident; rather, it is usually an ongoing affair consisting of a series of misconduct varying in severity. Therefore, the necessity for the admission of prior bad acts *which involve the victim* becomes even more compelling." (Emphasis added.)

Evidence about other bad acts which attacks the character of the accused should be confined and carefully circumscribed in the interest of fairness and due process, unless it involves the course of the transaction or context of the event. *United States v. Azure*, 801 F.2d 336 (8th Cir. 1986); *Lessard v. State*, Wyo., 719 P.2d 227 (1986).