**Timothy A. BAUM, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 87–28.

Supreme Court of Wyoming.

Nov. 17, 1987.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, and Julie D. Naylor, Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and S. Jane Caton, Asst. Atty. Gen., Cheyenne, for appellee.

**1.** "(a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:
"* * * *

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

On January 23, 1986, appellant Timothy A. Baum, age 24, was charged with three counts of second degree sexual assault and convicted by a jury of two counts of second degree sexual assault on a five-year old boy in violation of § 6–2–303(a)(v), W.S. 1977 (June 1983 Replacement).[1] On appeal, he urges three issues:

## I

"Whether or not it was error for the trial court to allow the five-year-old victim to testify.

## II

"Whether or not it was error to admit out of court statements of [the victim] through the testimony of Officer Dahmer and Mr. Terrill in violation of the hearsay rule, 801(d)(1)(B).

## III

"Whether or not it was error for the trial court to sentence Appellant on both Counts II and III in violation of the double jeopardy clauses of the Wyoming and United States Constitutions."

We will affirm.

Sexual intrusion as defined in § 6–2–301(vii)(B), W.S.1977 (June 1983 Replacement), and as applicable to this case, means:

"(B) Sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission."

At trial the five-year old victim related three separate acts of sexual intrusion which occurred on January 22, 1986. Testimony was also given by other persons. Frederick Thanel, M.D., testified that in his medical opinion the victim had been repeatedly sexually violated. Michael E.

"(v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim."

Dahmer, an investigating officer, testified that the victim had told him of two instances of sexual assault. William E. Terrill, manager of the Buffalo field office of the Department of Public Assistance and Social Services, testified that the victim told him of the appellant performing oral sex on the victim and that the victim performed the same on appellant. Mr. Terrill further testified that the victim told him of appellant subjecting the victim to repeated acts of anal sex over a period of time.

The jury found appellant guilty of two counts of second degree sexual assault, but acquitted him of an additional charge of the same offense. Appellant was sentenced to not less than eight nor more than fifteen years in the Wyoming State Penitentiary and placed on ten years probation, the sentences to run consecutively.

I

▪ Appellant first argues that the trial court erred in allowing the five-year-old victim to testify because he was not a competent witness. Rule 601, Wyoming Rules of Evidence, states:

> "Every person is competent to be a witness except as otherwise provided in these rules."

Intelligence, not age, is the guiding criteria in determining the competency of a witness. *Larsen v. State*, Wyo., 686 P.2d 583 (1984). Generally, " * * * [A] person is competent if he has sufficient understanding to receive, remember and narrate impressions and is sensible to the obligations of the oath." Larsen v. State, supra at 585. To determine the competency of a young child as a witness, the witness must be shown to have

> " ' "(1) an understanding of the obligation to speak the truth on the witness stand;
>
> " ' "(2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it;
>
> " ' "(3) a memory sufficient to retain an independent recollection of the occurrence;

> " ' "(4) the capacity to express in words his memory of the occurrence;  and
>
> " ' "(5) the capacity to understand simple questions about it." [Citations]' *Larsen v. State*, Wyo., 686 P.2d 583, 585 (1984)." *Smith v. State*, Wyo., 714 P.2d 1201, 1201–1202 (1986).

Determination of these elements is the duty of the trial court and is within its sound discretion. We will not disturb this discretion unless the trial court's determination was clearly erroneous. *Larsen v. State*, supra, at 585.

▪ In this case the victim was examined by the trial court as well as by the defense attorneys and the state. He answered the court's questions in chambers about his knowledge, memory, and awareness of telling the truth. He also responded to explicit questions requiring him to differentiate between telling the truth and telling a lie as follows:

> "THE COURT: [The victim], what do you think it means to tell the truth?
>
> "[THE VICTIM]: That you say what you are suppose to.
>
> "THE COURT: What do you mean when you say, you say what you are suppose to?
>
> "[THE VICTIM]: That you don't get into trouble.
>
> "THE COURT: How did you learn that?
>
> "[THE VICTIM]: (No audible answer)
>
> "THE COURT: How did you learn that definition of to tell the truth?
>
> "[THE VICTIM]: I can't remember.
>
> "THE COURT: Did somebody tell you that?
>
> "[THE VICTIM]: Uh, huh.
>
> "THE COURT: Do you remember who told you?
>
> "[THE VICTIM]: Huh uh.
>
> "THE COURT: You can't remember? When did you kind of figure out that is what was meant by to tell the truth?
>
> "[THE VICTIM]: I just thought about it.
>
> "THE COURT: Well, let me ask you, you know, if your Mom walked in, or someone at the place where you live now, and they said, [the victim], I just baked a fresh batch of cookies and I have put

them in a cookie jar, and you already knew that because you had come through the kitchen and you smelled them, and you had eaten one of those cookies, and you were told that she just baked a fresh batch of cookies but she didn't want you to eat any, and then your Mom looked at you and said, you haven't eaten any cookies yet, have you. Now, if you told her you had, that would get you in trouble, wouldn't it?

"[THE VICTIM]: Uh huh.

"THE COURT: Would you tell her you had or hadn't?

"[THE VICTIM]: I would tell her I had.

"THE COURT: So even though it would get you in trouble, you would tell her that you had because that is the truth?

"[THE VICTIM]: Uh huh."

At trial the following discourse took place when the victim was on the witness stand:

"Q. [Victim's name], do you know what it means to tell the truth?

"A. (No audible answer)

"Q. Are you going to tell the truth in here today?

"A. Uh huh.

"Q. [Victim's name], what color is my shirt?

"A. Blue.

"Q. If I told you it was red, would that be the truth or would that be a lie?

"A. That would be a lie.

"Q. Is telling a lie good or bad?

"A. Bad.

"Q. Bad. You are not going to do that today, are you?

"A. (No audible answer)

"Q. You know it is real important for us to do that. Would you do that for us, for all of these people?

"A. Uh huh."

Thereafter, the victim explicitly related numerous separate accounts of second degree sexual assault of anal intercourse and reciprocal fellatio involving appellant and himself, both verbally and through the use of anatomically accurate dolls. Also, the victim recounted specifics concerning the investigation of those activities. The record demonstrates that despite being five-years old, the victim was bright, aware and intelligent. He knew his age, the date and month of his birthdate, the ABC's, how to count to twenty-five and where he lived at the time of trial and at the times of the incidents with appellant. Finally, he was able to recount in detail the incidents between himself and appellant.

Based on this evidence, we cannot say the trial court's finding that the child was competent to testify was clearly erroneous or against the great weight of the evidence. The trial court is in a far better position to judge the demeanor, truth and veracity of a witness; therefore, we give considerable deference to the court's findings concerning witness competency. *Smith v. State*, supra at 1204. In this case, it is apparent that having watched and listened to the testimony, the trial court was persuaded that the child was competent to testify. We find no abuse of discretion.

■ Appellant also vaguely contends in this first issue that the victim recounted only those facts which he was told to say by his step-father or those facts which he believed would exonerate him from any beating by his step-father. On this contention we defer to the jury's findings. We pass upon the sufficiency of the evidence supporting a guilty verdict by viewing trial evidence in a light most favorable to the prosecution to determine *only* if sufficient evidence existed to allow a reasonable jury to draw inferences sustaining a guilty verdict. *Capshaw v. State*, Wyo., 737 P.2d 740, 744–745 (1987). In doing so we do not judge the credibility of witnesses or weigh conflicting evidence; that task is the sole province of the jury. *Capshaw v. State*, supra; and *Stewart v. State*, 724 P.2d 439, 443 (1986). The jury in this case observed the demeanor of the victim while he testified, and they heard him describe sexual encounters with appellant as well as several beatings and other incidents at the hand of his stepfather. The jury judged the victim's credibility, weighed the conflicting evidence and found appellant guilty. We cannot hold that the evidence was insufficient for the jury to reach this conclusion.

Grounds for overturning the verdict on a sufficiency of the evidence basis do not exist.

## II

Appellant contends in his second argument that it was error to admit the out-of-court statements of the victim through the testimony of Officer Dahmer and Mr. Terrill in violation of Rule 801(d)(1)(B), W.R.E.. Appellant claims that the statements made to Dahmer and Terrill by the victim were made after the corrupting forces came into play, and therefore, it was improper to allow the testimony.

Rule 801, W.R.E., provides in applicable part:

"The following definitions apply under this article.

" * * *

"(c) *Hearsay.*—'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

"(d) Statements which are not hearsay. —A statement is not hearsay if:

"(1) Prior Statement by Witness—The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive * * *."

Recently, we held in *Makinen v. State*, Wyo., 737 P.2d 345, 349 (1987), that:

"Rule 801(d)(1)(B), W.R.E., has two express conditions for the admissibility of prior consistent statements: (1) The prior statement must be 'consistent with his testimony'; and (2) there must be an 'express or implied charge * * * of recent fabrication or improper influence or motive.' There is no express condition in the rule which states that the prior consistent statement must be made before the alleged improper motive to fabricate arose. In the absence of an express prohibition, we think the trial court should

have the discretion to determine whether a prior consistent statement should be admitted whether or not it was made before an improper motive to fabricate arose. We recognize that there is an inherent difficulty in determining when an improper motive may have arisen and that in any event such determination should be left to the trier of fact. [Citation.] If the drafters of the rule wished to include such a limitation, they could have done so. Therefore, we are reluctant to read further requirements into the rule which are not there."

Here, the prior statements made by the victim to Officer Dahmer and Mr. Terrill were consistent with the victim's testimony. Officer Dahmer testified that the victim specifically related two instances of sexual assault; and Mr. Terrill testified that the victim recounted one specific act of reciprocal oral sex and repeated incidents of anal sex over an identified period of time. Secondly, beginning with opening statement by counsel for the defense, the victim's testimony often was charged or attributed to express and/or implied charges of fabrication, improper influence, or motive.

We hold that the trial court did not act improperly when it allowed Officer Dahmer and Mr. Terrill to testify with regard to what the victim related to them, and therefore did not abuse its discretion.

## III

Appellant's last argument asserts a violation of his fundamental rights under the Fifth Amendment of the United States Constitution and Art. 1, § 11 of the Constitution of the State of Wyoming not to be tried twice for the same offense. *Brown v. Ohio*, 432 U.S. 161, 164–166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); and *Birr v. State*, Wyo., 744 P.2d 1117 (1987). He argues that because counts II and III of the original charges involving reciprocal oral sex and fellatio are derived from the same transaction, they should be merged as a single criminal act for sentencing. We disagree.

This issue was not raised in the court below, and our general rule of review in such circumstance is to decline review of an issue not properly raised unless it is jurisdictional or involves a fundamental right. *Duffy v. State*, Wyo., 730 P.2d 754, 758 (1986). This issue falls into the latter category and we will address it accordingly.

In *Hamill v. State*, Wyo., 602 P.2d 1212, 1216 (1979), this court held

" * * * that where separate and distinct incidents of sexual assault occur in different ways, each in a different time period or where the same type of sexual assault occurs more than once on the same victim in different time periods, each incident constitutes a separate definable criminal offense which can be prosecuted individually. [Citations.]"

We also agree with the reasoning of the Supreme Court of Hawaii in *State v. Molitoni*, Hawaii App., 711 P.2d 1303, 1306 (1985), quoting *State v. Pia*, 55 Hawaii 14, 19, 514 P.2d 580, 584–585 (1973):

" 'Where, * * * different criminal acts are at issue, supported by different factual evidence even though separated in time only by a few seconds, one offense by definition cannot be "included" in the other. The defendants can properly be punished for [all], under different, *or the same,* statutory provisions.' "

The power to prescribe punishment for acts that are prohibited belongs to the legislative branch of government. *Cook v. State*, Wyo., 710 P.2d 824, 826 (1985); and *Williams v. State*, Wyo., 692 P.2d 233, 235 (1984). We will give effect to the discernible legislative intent of §§ 6–2–303(a)(v) and § 6–2–301(vii), setting out two separate punishable acts. The record here clearly shows that two separate criminal acts occurred. In sequence, appellant performed fellatio upon the victim and then made the victim reciprocate. It would not be reasonable for this court to determine that these two distinct acts of fellatio were only one criminal act. We hold that the trial court was proper in handing down two separate sentences for counts II and III for which appellant was convicted.

Affirmed.

CARDINE, J., filed a specially concurring opinion, in which URBIGKIT, J., joins.

CARDINE, Justice, specially concurring, in which URBIGKIT, Justice, joins.

The victim testified in this case, and then his prior consistent statements to Officer Dahmer and Mr. Terrill were permitted into evidence. The general rule is that prior consistent statements are not admissible where the person making those statements has testified fully in open court and been available for cross-examination. See *Chambers v. State*, Wyo., 726 P.2d 1269 (1986). Rule 801(d)(1), W.R.E., creates an exception to the general rule which, if satisfied, allows prior consistent statements into evidence. The rule is clear. Such statements are admissible as an exception to rebut charges of *recent fabrication.* The court in its opinion now suggests that in *Makinen v. State*, Wyo., 737 P.2d 345, 349 (1987), we modified Rule 801, abolished the exception, and made prior consistent statements admissible in the discretion of the trial court. I note that in Makinen three justices specially concurred. I am firmly of the opinion that we have not modified Rule 801; that it means exactly what it says; and that prior consistent statements are admissible only if brought within an exception to the general exclusionary rule.

There is good reason for the rule excluding prior consistent statements. If the rule were otherwise, parties could prepare a multitude of self-serving, biased, inflammatory, video, audio, and written statements for trial; testify; and then introduce into evidence these consistent statements made prior to testifying. There would be no opportunity for cross-examination. The statements, as exhibits, might go with the jury and be used during deliberations. The same testimony would be repeated several times, unduly emphasizing that testimony over all other testimony in the case.

I concur in the court's opinion because of its holding that these statements were admissible to rebut charges of recent fabrication, not because we amended Rule 801 to allow discretionary admission of such statements. Otherwise, I continue to adhere to that stated in my specially concurring opinions in *Brown v. State,* Wyo., 736 P.2d 1110 (1987), and *Makinen v. State,* supra, 737 P.2d 345.