Lori HOWELL, Appellant (Plaintiff),

v.

Gabriel J. GARCIA, Appellee (Defendant and Third–Party Plaintiff),

v.

Rex HOWELL, (Third–Party Defendant).

No. 87–164.

Supreme Court of Wyoming.

Dec. 31, 1987.

William M. McKellar and David D. Uchner of Lathrop & Uchner, P.C., Cheyenne, for appellant.

Julie Nye Tiedeken of Southeast Wyoming Law Offices, Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

MACY, Justice.

Appellant Lori Howell brought an action against appellee Gabriel J. Garcia seeking damages for personal injuries she sustained in an automobile accident. A jury returned a verdict of $5,000 in favor of Howell. Howell asserts that the award is insufficient and appeals to this Court.

We affirm.

The issues set forth by Howell are as follows:

"1. Whether or not the Court Committed Reversible Error when it failed to require further deliberations by the Jury.

"2. Whether the Verdict rendered by the Jury is Insufficient, Improper, Inconsistent and Irregular as a Matter of Law Which Requires a New Trial on the Issue of Damages."

On January 9, 1985, Howell was a passenger in a vehicle driven by her husband when the vehicle was involved in a collision with a vehicle driven by Garcia. The Howell vehicle was traveling east on Pershing Boulevard in Cheyenne, Wyoming, and the Garcia vehicle was traveling west. At the intersection of Capitol Avenue and Pershing Boulevard, the Garcia vehicle made a left-hand turn without warning in front of the Howell vehicle. Howell was thrown forward in her vehicle, and she sustained knee injuries.

On February 5, 1986, Howell filed a complaint seeking damages which occurred as a result of the collision. A trial began on March 2, 1987, before a jury of twelve during which Howell presented evidence of medical expenses, costs of prescription drugs, repair costs for the vehicle, and lost wages. The jury returned its verdict in favor of Howell, finding that Garcia was 80% at fault for the accident and awarding Howell the total sum of $5,000. Before the jury was dismissed, counsel for Howell asserted that the proven damages were much more than the verdict amount and consequently that the verdict was inconsistent and improper. The court did not require the jury to make further deliberations even though Howell's counsel requested that this be done. Howell filed a motion for a new trial which was denied on May 28, 1987. This appeal follows.

In her main issue on appeal, Howell contends that a new trial must be granted to her as a matter of law on the issue of damages because the damage award rendered by the jury through its verdict was

"insufficient, improper, inconsistent and irregular" with regard to the undisputed, uncontradicted, and irrefutable evidence presented at trial of the special damages incurred by her as a result of her automobile accident with Garcia.

In *Rissler & McMurry Company v. Atlantic Richfield Company*, Wyo., 559 P.2d 25, 28 (1977), we stated our applicable standard of review:

"On appeal, evidence advantageous to the prevailing party must be given every favorable inference that can be reasonably and fairly drawn from it, in support of a jury's verdict. As a reviewing court, we cannot substitute our judgment on the facts for the jury's." (Citations omitted.)

See also *Harmon v. Town of Afton*, Wyo., 745 P.2d 889 (1987). It is not our duty to weigh the evidence; we are only to determine whether there is substantial evidence to support the verdict. *Smith v. State*, Wyo., 714 P.2d 1201 (1986).

Further, we have noted:

" 'As a rule, a verdict in an action for a personal tort may be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or that the jury disregarded the instructions of the court, or in some instances, where there was a vital misapprehension or mistake on the part of the jury, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff, or, according to some of the cases, where, otherwise, there has been an evident failure of justice to the plaintiff. Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the reviewing court would have awarded more.' 22 Am.Jur.2d Damages § 398." *Oroz v. Hayes*, Wyo., 598 P.2d 432, 434 (1979).

See also *Brittain v. Booth*, Wyo., 601 P.2d 532, 536 (1979).

"Where law thus provides no specific measure for quantifying damages, the amount to be awarded rests almost totally within the discretion of the jury, and courts, both trial and appellate, are reluctant to interfere with that decision unless by its excessiveness or inadequacy the award carries with it an implication of passion, prejudice or bias or the result of some erroneous basis." Town of *Jackson v. Shaw*, Wyo., 569 P.2d 1246, 1251 (1977).

See also *Union Pacific Railroad Company v. Richards*, Wyo., 702 P.2d 1272, 1278 (1985).

Both parties involved in the litigation stipulated that certain expenses incurred by Howell totaled $6,438.35.[1] However, they did not stipulate that these expenses were reasonable or that they were incurred as a result of Howell's automobile accident with Garcia. The jury awarded damages in its verdict of only $5,000. Howell asserts that such award failed to sufficiently compensate her for the amount of stipulated special damages evidenced by her at trial. In support of this contention, Howell directs this Court to cases stating the rule of law that it is improper and irregular to allow a jury through verdict to award a plaintiff special damages without also awarding a plaintiff general damages. See *Smith v. Uhrich*, Wyo., 704 P.2d 698 (1985); *Smith v. Blair*, Wyo., 521 P.2d 581 (1974); and *DeWitty v. Decker*, Wyo., 383 P.2d 734 (1963). While we do not question that these cases stand for such a statement of the law or disagree with those authorities cited, we do not see how the facts of this case are sufficient to fall under the guidelines set out in those cases.

 We cannot agree with Howell's assumption that damages awarded her were in fact compensation for her special damages. Rather, we have difficulty in ascertaining any clear reason why the jury awarded Howell a lump sum of $5,000. The verdict in applicable part simply states:

"2. Without considering the percentage of fault found in question one, what total

1. Costs for repair to the Howell automobile totaled $1,798.76, medical expenses incurred by

Howell amounted to $4,500.68, and the cost of prescription drugs for Howell equaled $138.91.

amount of damages do you find was sustained by?

Lori Howell (Plaintiff) $5000.00"

Garcia asserted during the trial that some of the medical expenses claimed not only were excessive but should not be awarded as damages resulting from this accident. Given the evidence presented at trial, the jury may have (1) determined that some of Howell's continuing problems and resultant medical expenses were due to her own actions taken during her healing process after the accident had already occurred, or (2) decided that the medical costs were unreasonable. This Court will not attempt to play the part of a mind reader and presuppose the exact rationale, thoughts, or reasoning used by the jury in arriving at its conclusion. That would put us into an area of speculation, and we must not speculate on the jury's logic. It is stated in *Smith v. Blair*, 521 P.2d at 583:

"We are not impressed with * * * reasoning * * * based on pure speculation and fail[ing] to furnish a plausible explanation of the jury's action.

"The jury was not told that it had to be scientific or exact in awarding damages. In fact, the overall instructions left the impression that the jury was free to allow damages pretty much as it saw fit. It was instructed on the matter of general damages and how such damages, if allowed, should be arrived at. But the jury was not told that an award for medical and hospital expense without a general award of damages would be an improper award.

"The sum of what we are saying is that, if the jury had awarded damages without it appearing how its result had been arrived at, we would not be in a position to question the award."

Similar circumstances occurred in this case. When the facts permit the drawing of more than one inference, it is for the jury to choose which will be utilized, and, if supported by substantial evidence, the jury's choice will be held by us as conclusive. *Jones v. Sheridan County School District # 2*, Wyo., 731 P.2d 29 (1987). Substantial evidence exists in this case for the jury to find as it did.

Additionally, Howell does not refer to any evidence of passion or prejudice on the part of the jury. She does not refer to any wrongful action or persuasion which invaded the trial, nor does she point to an inconsistency or conflict in, or resulting from, the award itself. Howell simply contends that the award was too small. Such assertion, without more conclusive proof, is insufficient for reversal on appeal. See *Oroz v. Hayes*, supra, and the cases cited therein.

The jury fixed the amount of the award, the trial court rendered its judgment thereon, and we conclude there is no reason to disturb the decision.

■ We recognize that Howell also asserts that reversible error was committed by the trial court when it failed to require further deliberations by the jury, but it is not necessary for us to address this issue. Using the previous rationale, we hold that the verdict was not defective in substance; therefore, further deliberations by the jury were not required.

Affirmed.