395 S.E.2d 799

**STATE of West Virginia**

v.

**Thomas Eugene SAYRE.**

**No. 19214.**

Supreme Court of Appeals of West Virginia.

July 24, 1990.

T. Owen Wilkins, Sandyville, for Thomas Eugene Sayre.

Roger W. Tompkins, Atty. Gen., Richard M. Riffe, Sr. Asst. Atty. Gen., Charleston, for State.

BROTHERTON, Justice:

The appellant, Thomas Eugene Sayre, was found guilty of second-degree sexual assault and sentenced to confinement in the State penitentiary for an indeterminate sentence of not less than ten nor more than twenty years. The same act of sexual intercourse also resulted in Sayre being convicted of third-degree sexual assault, for which he received a sentence of not less than one nor more than five years in prison. Both sentences are to run concurrently. Sayre now appeals the convictions and sentences imposed by the Circuit Court of Jackson County.

In October, 1987, Sayre was indicted by a Jackson County grand jury on one count of second-degree sexual assault and one count of third-degree sexual assault. The incident in question occurred during the early morning hours of June 7, 1987, when Kelly Yvonne Roush was fifteen years of age and Sayre was twenty-five years of age. Sayre eventually admitted that he had intercourse with Kelly Roush, but denied that force was involved. Sayre also maintained that he was unaware of Kelly's age.

After a two-day trial, Sayre was convicted of both charges on July 21, 1988. Following the conclusion of Sayre's trial, his appointed counsel was informed that a statement taken from a juvenile by a Jackson County juvenile probation officer raised the possibility that a prosecuting witness in Sayre's case had lied under oath. On November 18, 1988, Sayre's attorney filed a motion for an evidentiary hearing on the basis of newly discovered evidence. After hearing argument, the trial judge denied the motion but authorized an expenditure of $500 so that Sayre's attorney could employ an investigator to further

investigate the evidence that had been proferred to the court. The results of this investigation, if any, are unclear from the appellant's brief. In his first assignment of error, the appellant simply makes the broad assertion that he was discriminated against because of his indigent status in that, had funds actually been available to pay his investigator, an investigation would have been completed and proof of perjury would have been available, or, at the very least, the matter could have been presented to the court. The appellant does not elaborate on this argument, except to state that he "had merely $500 granted to him, which his investigator knew might not be paid for seven or eight months, if at all." Thus, the appellant's specific complaint regarding the investigation remains unclear.

■ In syllabus point 6 of *State v. Audia*, 171 W.Va. 568, 301 S.E.2d 199 (1983), this Court stated that:

> It is a matter within the sound discretion of the trial judge whether investigative services are necessary under *W.Va.Code*, 5–11–8, and the exercise of such discretion will not constitute reversible error unless the trial judge abuses such discretion.

In this case, the trial judge granted the appellant's request for additional funds to employ an investigator following his conviction,[1] and while the appellant may be displeased with the results, or lack thereof, for whatever reason, we find no abuse of discretion.

■ The appellant next argues that the trial court erred in failing to grant a mistrial after two members of the impanelled petit jury were dismissed and permitted to leave the courtroom but subsequently returned and served on the jury. The jury selection process began on July 20, 1987, with a panel of twenty-five prospective jurors. After twelve jurors and one alternate were sworn and instructed, a fifteen-minute recess was called. Following this break, defense counsel realized he had exercised only four of his six peremptory strikes but that the court had unknowingly corrected this by excusing two alternates who were never actually struck from the panel. Defense counsel made a motion for a mistrial.

However, the trial judge again recessed the court and asked the clerk and the sheriff to attempt to locate the two prospective jurors who were inadvertently excused. Both of these people were subsequently retrieved and questioned by both the court and counsel about whether they discussed the case with anyone or attempted to learn anything new about the case while outside of the courtroom. After receiving assurances that neither had discussed the case in any manner, the court instructed both prospective jurors to return to the jury room. Once all of the jurors were returned to the jury box, they were informed of the problem with the selection process and told that two jurors would be struck, the jury would be resworn, and the trial would begin.

We disagree with the appellant's assertion that a mistrial was necessitated by "an impermissible disruption which flawed the jury selection process." Certainly, the oversight on the part of the court and both attorneys was regrettable. However, the court made every effort to ascertain whether the prospective jurors who were improperly excused had been exposed to any discussion or investigation of the case during the short period of time in which they were outside of the courtroom. When the judge was satisfied that no such exposure had occurred, he chose to go forward with the jury selection process. "The decision to declare a mistrial, discharge the jury, and order a new trial in a criminal case is a matter within the sound discretion of the trial court." Syl. pt. 8, *State v. Davis*, 182 W.Va. 482, 388 S.E.2d 508 (1989). We find

---

1. Although the final appellate counsel's voucher had not yet been filed, the State noted that the appellant's first two appointed attorneys used only $281.50 and $696.50 respectively of the $2,000 each they were statutorily authorized to expend on the appellant's case. *See* W.Va.Code §§ 29-21-14(e) and (f) (1986). Thus, the State points out that these two attorneys "could permissibly have conducted 154 more hours of investigation and still have been paid," while "current appellate counsel can conduct however many hours worth of investigation he has left before he goes over his $2,000.00 cap."

no abuse of discretion in the trial court's decision in this case. Thus, after reviewing the record, we conclude that there was no reversible error on this point.

 The final assignment of error discussed by the appellant in his petition for appeal[2] is his argument that his convictions under W.Va.Code §§ 61–8B–4 and 5 constitute double jeopardy because they are for the same offense. In syllabus point 1 of *State v. Myers*, 171 W.Va. 277, 298 S.E.2d 813 (1982), this Court recognized that:

> "The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense." Syl. pt. 1 of *Conner v. Griffith*, 160 W.Va. 680, 238 S.E.2d 529 (1977).

The appellant contends that he has been convicted of two offenses so alike that it constitutes double jeopardy because third-degree sexual assault is actually a lesser included offense of second-degree sexual assault. In support of his argument, the appellant cites syllabus point 8 of *State v. Zaccagnini*, 172 W.Va. 491, 308 S.E.2d 131 (1983), in which this Court restated the "Blockburger" test, "a rule of statutory construction for determining identity of offenses":[3]

> Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

West Virginia Code §§ 61–8B(a) and (b) provide that a person is guilty of sexual assault in the second degree when:

(1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion; or

(2) Such person engages in sexual intercourse or sexual intrusion with another person who is physically helpless.

(b) Any person who violates the provisions of this section shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than ten nor more than twenty years, or fined not more than ten thousand dollars and imprisoned in the penitentiary not less than ten nor more than twenty years.

West Virginia Code § 61–8B–5(a)(2) next states that a person is guilty of sexual assault in the third degree when:

(2) Such person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least four years younger than the defendant.

 The appellant argues that the element of lack of consent is present in both instances and, in this case, it would have been impossible to commit the greater offense without first having committed the lesser offense. The State maintains that the crimes of sexual assault in the second degree and sexual assault in the third degree each have an element that the other does not and, therefore, the appellant's two convictions do not violate double jeopardy principles. To convict for second-degree sexual assault, the jury must find forcible compulsion, which is not an element of third-degree sexual assault. However, to convict for third-degree sexual assault, the jury must find a specific age difference, which is not required for second-degree sexual assault.

According to the argument advanced by the State, West Virginia's second and third-degree sexual assault statutes are "direct-

---

**2.** The appellant does not address the remaining assignments of error contained in his petition for appeal. "Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." Syl. pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981).

**3.** *See State v. Fortner*, 182 W.Va. 345, 387 S.E.2d 812, 828 (1989).

**380**

ed to separate evils" and intended to remedy "diverse societal harms." The second-degree statute is designed simply to punish and deter forcible rapes. The age of either party is irrelevant. The third-degree statute is intended to punish and deter those people sixteen years of age or older who would take sexual advantage of children at least four years younger than them. Thus, when a person forcibly rapes a child, he may, in fact, separately violate each statute. The State maintains that the two convictions do not impugn double jeopardy protections, and we agree.[4]

Contrary to the appellant's assertion, lack of consent is not an element of both second and third-degree sexual assault. A third-degree sexual assault, more commonly referred to as statutory rape, is committed when a person sixteen years old or older engages in sexual intercourse or sexual intrusion with a person who is less than sixteen years old and is also at least four years younger than the person committing the act. Consent to the act is irrelevant. However, consent is not irrelevant to a charge of second-degree sexual assault because forcible compulsion is a necessary element of this crime.[5]

In this case, the jury found that the twenty-five-year-old appellant forced a fifteen-year-old girl to have sexual intercourse with him. Under these particular facts, it is true that it would have been impossible for the jury to find that the appellant committed second-degree sexual assault without also finding him guilty of third-degree sexual assault.[6] Once the appellant admitted that he had sexual intercourse with the fifteen-year-old and their ages were established, the fact that he was guilty of statutory rape was beyond dispute. However, the issue of whether force was involved, so as to also make the appellant guilty of second-degree sexual assault, remained to be determined by the jury.

For the foregoing reasons, the judgment of the Circuit Court of Jackson County is affirmed.

Affirmed.

---

4. In *State v. Daggett,* 167 W.Va. 411, 280 S.E.2d 545, 558 (1981), this Court found that the legislature intended to create two fundamentally different offenses when it enacted the first-degree sexual assault statute, W.Va.Code § 61–8B–3(a)(3), and the second-degree sexual assault statute, W.Va.Code § 61–8B–5(a)(2), because "there is an additional element required by third degree sexual assault ... An actor less than 16 years of age cannot be convicted of third degree sexual assault under the provisions of W.Va.Code § 61–8B–5(a)(2). However, one aged 14 years of age to 16 years of age can be convicted of first degree sexual assault under § 61–8B–3(a)(3)."

5. In *State v. Peyatt,* 173 W.Va. 317, 315 S.E.2d 574 (1983), we discussed the fact that, "[c]onsent or the lack thereof is not an element of incest." *Id.* 173 W.Va. at 321, 315 S.E.2d at 578. As a result, "separate convictions for sexual assaults and incest, although they arise from the same act, do not constitute the same offense for purposes of the double jeopardy clauses." *Id.*

6. However, *see State v. McPherson,* 179 W.Va. 612, 371 S.E.2d 333 (1988), in which the defendant, age twenty, was acquitted of second-degree sexual assault charges but convicted of the third-degree sexual assault of a fourteen-year-old girl.