## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0684** (Ohio County 09-F-108)

**Gerry G. Barnes,**
**Defendant Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Kevin L. Neiswonger, arises from the Circuit Court of Ohio County, wherein the circuit court sentenced petitioner to a total effective term of incarceration of twenty-two to sixty years following his jury conviction of two counts of sexual assault in the second degree and two counts of sexual assault in the third degree. By order entered May 10, 2012, petitioner was resentenced for purposes of this appeal. The State, by counsel Shawn R. Turak, has filed its response and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed as a supervisor by a nonprofit agency that serves the needs of disabled individuals with cognitive impairment and/or developmental disabilities, providing supervised employment for its disabled workers. The victim, J.M.[1], was a mentally-handicapped employee of the agency. Expert testimony introduced at trial established J.M.'s IQ as fifty-four, and her overall academic skills at a sixth-grade level. One evening in 2008, petitioner was supervising the victim and two other employees. The victim was alone working on the first floor of a building when petitioner physically moved her to the bathroom. In the bathroom, petitioner performed oral sex on the victim, then pushed her against the door, made her bend over, and had vaginal intercourse with her. The sexual assault was interrupted when one of the co-workers attempted to enter the bathroom and saw what was happening. At trial, an expert testified that J.M. functions like a ten-to-twelve-year-old child and lacked the ability to verbally or physically resist petitioner's sexual assaults.

---

[1] In keeping with this Court's policy of protecting the identity of the victims of sexual crimes, the victim in this matter will be referred to by her initials throughout the memorandum decision.

1

Thereafter, petitioner was indicted on the following counts: one count of kidnapping (count I); one count of sexual assault in the second degree related to oral sex (count II); one count of sexual assault in the second degree related to vaginal intercourse (count III); one count of sexual assault in the third degree related to oral sex (count IV); and one count of sexual assault in the third degree related to vaginal intercourse (count V). Prior to trial, petitioner filed a motion to elect asking the circuit court to order the State to make an election between counts II and IV, arguing that he was being prosecuted for two separate and distinct crimes for one particular act of oral sex. Petitioner made the same argument and requested an election in regard to counts III and V as they related to one act of vaginal intercourse. That motion was denied. During trial and following the return of the jury's verdicts, petitioner made motions for judgment of acquittal/new trial as to counts II and III, arguing that there was insufficient evidence to convict him of both counts of sexual assault in the second degree since there was no evidence regarding forcible compulsion by way of physical force and/or earnest resistance. These motions were denied. In July of 2010, petitioner was convicted of two counts of sexual assault in the second degree and two counts of sexual assault in the third degree. Petitioner was thereafter sentenced to a term of incarceration of ten to twenty-five years for his each of his convictions of sexual assault in the second degree, and a term of incarceration of one to five years for each of his convictions of sexual assault in the third degree, all sentences to run consecutively.

On appeal, petitioner alleges three assignments of error, arguing that the circuit court erred in denying his motions for judgment of acquittal/new trial as to counts II and III of the indictment, in denying his motion requesting that the State elect between counts II and IV and III and V of the indictment, and that there was insufficient evidence to convict him of both counts of sexual assault in the second degree. In support, petitioner alleges that the circuit court erred in denying his motions for judgment of acquittal/new trial in regard to the two counts of sexual assault in the second degree because there was no evidence of forcible compulsion by way of physical force and/or earnest resistance presented at trial. Petitioner argues that the victim's own testimony established that she neither resisted nor said no to his sexual advances. Further, petitioner argues that his protections against double jeopardy were violated by his prosecution and conviction for two counts of sexual assault in the second degree and sexual assault in the third degree. According to petitioner, he committed only two acts, oral sex and vaginal intercourse, yet he has been sentenced for four crimes. Lastly, petitioner again argues that no earnest resistance or physical force occurred so the evidence is therefore insufficient to support his convictions for sexual assault in the second degree.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review, the Court finds no error in regard to petitioner's assignments of error. To begin, we have previously held that "[a] motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). As such, we note that

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds that the circuit court did not err in denying petitioner's motions because the evidence was sufficient to support his conviction on two counts of sexual assault in the second degree. Petitioner's entire argument on this point is based on his misinterpretation of the elements necessary to support a conviction for sexual assault in the second degree. Specifically, West Virginia Code § 61-8B-4(a)(1) states that a person is guilty of second degree sexual assault when they "engage[] in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion." Additionally, forcible compulsion can arise from three separate scenarios, one of which West Virginia Code § 61-8B-1(1)(b) defines as "[t]hreat or intimidation, expressed or implied, placing a person in fear of immediate death or bodily injury to himself or herself or another person or in fear that he or she or another person will be kidnapped." Petitioner erroneously argues that "in order to sustain a conviction for 'second degree sexual assault,' the State . . . was required to prove . . . that the victim earnestly resisted and that [he] over[came] that resistance by using forcible compulsion." This is not an accurate statement of the law, as petitioner is relying solely upon the definition of forcible compulsion as set forth in West Virginia Code § 61-8B-1(1)(a).

At trial, the victim consistently testified that she did not verbally or physically resist petitioner because she was "afraid he was going to hurt [her]." According to the victim, her fear was based on the great disparity in their respective sizes. Petitioner notes that when asked if he threatened the victim, J.M. responded that he did not. According to petitioner, he could not be guilty of sexual assault in the second degree because he did not threaten or intimidate her, but this is again a misstatement of the law. Petitioner is actually arguing that he did not expressly threaten or intimidate the victim and ignores the implied intimidation to which the victim testified. For these reasons, the Court finds that the circuit court did not err in denying petitioner's motions because the evidence was sufficient to support his convictions for two counts of second degree sexual assault. Further, insomuch as petitioner's third assignment of error regarding insufficient evidence to support his convictions for two counts of sexual assault in the second degree is also based entirely on an alleged lack of evidence establishing forcible compulsion, the Court finds no error in this regard. As addressed above, the evidence presented at trial was sufficient to support petitioner's convictions for second degree sexual assault based upon the definition of forcible compulsion as found in West Virginia Code § 61-8B-1(1)(b).

3

Lastly, the Court finds that no violation of petitioner's protections against double jeopardy occurred in regard to his indictment or conviction. "'[A] double jeopardy claim [is] reviewed *de novo*.' Syllabus Point 1, in part, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996)." Syl. Pt. 1, *State v. McGilton*, 229 W.Va. 554, 729 S.E.2d 876 (2012). We have previously held that,

> "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)" Syllabus Point 4, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992).

Syl. Pt. 11, *State v. Ray*, 221 W.Va. 364, 655 S.E.2d 110 (2007). By analyzing the statutory elements of each crime, it is clear that each crime, as specifically pled in this matter, requires proof of an additional fact that the other does not. Pursuant to West Virginia Code § 61-8B-4(a)(1), second degree sexual assault requires proof of forcible compulsion, which is not required to establish third degree sexual assault. Pursuant to West Virginia Code § 61-8B-5(a)(1), third degree sexual assault requires proof that the victim was mentally defective, which is not required to establish second degree sexual assault. Further, this Court has already addressed the issue of whether one sexual act may constitute the crimes of second and third degree sexual assault. While the case in question concerned an earlier version of the applicable statutes, the Court found that the two crimes are separate and distinct offenses for purposes of double jeopardy analysis. *See State v. Sayre*, 183 W.Va. 376, 395 S.E.2d 799 (1990) (holding that a defendant's convictions for second and third degree sexual assault arising from a single sexual act did not violate the defendant's protections against double jeopardy).

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4