# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0300** (Randolph County 10-F-49)

**Brian Joseph Ward,**
**Defendant Below, Petitioner**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian Joseph Ward, by counsel James E. Hawkins Jr. and Thomas J. Prall, appeals the Circuit Court of Randolph County's sentencing order entered on January 24, 2012. Respondent State of West Virginia, by counsel Marland L. Turner, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was originally charged with sexual abuse by a guardian or custodian on September 10, 2010, for an incident that occurred sometime between January of 2007 and June of 2009. The alleged victim was a then nine-year-old girl who was the daughter of petitioner's girlfriend, with whom petitioner resided at times. On October 25, 2010, petitioner was charged with sexual abuse by a guardian or custodian and sexual assault in the first degree and was indicted on the same.

Prior to trial, the child victim was interviewed in camera to determine if she was competent to testify at trial. Although the psychological testing ordered by the circuit court was never completed, the child was found competent to testify by the circuit court. She testified regarding petitioner's crimes against her. The victim's mother also testified regarding petitioner's opportunity to commit the crimes. The State played a video of the forensic interview between the victim and a Child Protective Services worker for the jury, wherein the child disclosed petitioner's sexual abuse and sexual assault. Petitioner was convicted by jury of both charges. On November 30, 2011, the circuit court sentenced petitioner to ten to twenty years of incarceration and fifteen to thirty-five years of incarceration, to run consecutively. Petitioner now appeals this sentencing order.

Petitioner's first assignment of error is that the State's evidence was insufficient to

support a conviction for either sexual abuse by a guardian or custodian or for first degree sexual assault. We have held as follows:

> "'The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 1, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 8, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012).

> "'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. [] Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *Stone*.

In the present case, this Court finds that petitioner has not met his heavy burden in proving that the evidence was insufficient to sustain his conviction. This Court has held that "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible, the credibility is a question for the jury." Syl. Pt. 5, *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981). In this case, the victim was nine years old when she testified. After examining the child's competency, the circuit court found that although she was competent to testify, she had some trouble articulating all of the details surrounding the traumatic event due to her age. Therefore, her credibility was a jury determination. The victim testified that petitioner touched her "private parts" more than once and forced her to touch his as well. She also testified that he had forced her to shower with him, and her mother testified that petitioner had admitted the same to her. The child's testimony also was sufficient to support a finding of sexual assault, as she testified that petitioner used his "private parts" to touch hers, and that this left her private parts sore. She also used dolls to demonstrate what petitioner had done to her, including penetration as well as touching. This evidence is sufficient to support petitioner's conviction.

2

Petitioner next argues that his trial counsel was ineffective. However, as we have previously stated:

> "It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 10, *State v. Hutchinson,* 215 W.Va. 313, 599 S.E.2d 736 (2004). We do not find this to be an "extremely rare" case, and without a properly developed record regarding ineffective assistance of counsel, this Court cannot rule upon the same. This Court is not deciding ineffective assistance of counsel in the course of this appeal because the matter would more appropriately be addressed pursuant to a petition for writ of habeas corpus. If he desires, petitioner may pursue a petition for writ of post-conviction habeas corpus. We express no opinion on the merits of this issue or of any habeas petition.

Next, petitioner argues that the indictment was defective in that it charged more than one offense and it failed to allege lack of consent. Count 2 of the indictment reads as follows:

> Sexual Assault in the First Degree, a Felony, in violation of W.Va. Code § 61-8B-3(a)(2), charging that BRIAN JOSEPH WARD did between January 2007, and June 2009, in the said County of Randolph, State of West Virginia, unlawfully and feloniously, and being fourteen years of age or more at the time of the offense, engage in sexual intercourse or sexual intrusion with another person who was eleven years old or less and is not married to that person, to wit: S.B., D.O.B. 05/09/01, and was at the time, not married to that person, against the peace and dignity of the State of West Virginia.

It is well established that "an indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." Syl. Pt. 3, *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983). The indictment follows the phrasing of West Virginia Code § 61-8B-3(a)(2). Moreover, because the sexual assault conviction in the present case was based upon the age of the victim, the "lack of consent" element is not applicable. *See generally, State v. Sayre*, 183 W.Va. 376, 380, 395 S.E.2d 799, 803 (1990). Accordingly, Count 2 gave fair notice of the charge against petitioner by providing him with a time frame, the offense committed, and who the offense was committed against. Moreover, petitioner failed to make a timely objection to the sufficiency of the indictment, and now argues that this error should be reviewed under the plain error standard. However, we find that the indictment was not defective and therefore we find no plain error.

3

Petitioner next argues that the State failed to provide specific discovery or evidence as to when the incidents in question occurred, depriving petitioner of due process. On January 10, 2011, petitioner filed a motion for a bill of particulars noting that he would be denied due process without more specific information. Petitioner argues that a two and one half year period is improperly vague, particularly since the circuit court told the State to attempt to ascertain the date of occurrence if possible. This Court has noted that "[t]ime is not an element of the crime of sexual assault, the alleged variances concerning when the assaults occurred did not alter the substance of the charges against the defendant." *State v. Miller,* 195 W.Va. 656, 663, 466 S.E.2d 507, 514 (1995). The State provided the most specific date possible in light of the child's age and communication difficulties. During the time period listed in the indictment, petitioner was living with the victim and her mother and babysitting the victim while the mother worked. There was fair notice as to where the events occurred and a proper time frame. Therefore, we find no error.

Finally, petitioner argues cumulative error. Regarding cumulative error, this Court has stated as follows:

> "Where the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error." Syl. pt. 5, *State v. Smith,* 156 W.Va. 385, 193 S.E.2d 550 (1972).

Syl. Pt. 5, *State v. Walker*, 188 W.Va. 661, 425 S.E.2d 616 (1992). In the present case, we find no merit in petitioner's alleged assignments of error and thus we find no cumulative error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4